HELANE L. MORRISON (CA Bar No. 127752)
ROBERT L. MITCHELL (CA Bar No. 161354)
CAROLYN SAMIERE (Cal. Bar No. 118353)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JESSE DEAN BOGDONOFF and WELLNESS TECHNOLOGIES, INC., a Nevada corporation,<br><br>Defendants. | Civil Action No. C-03-4384-MJJ<br><br>~~[PROPOSED]~~ FINAL JUDGMENT FOR PERMANENT INJUNCTION AGAINST JESSE DEAN BOGDONOFF AND WELLNESS TECHNOLOGIES, INC. AND DISMISSAL OF REMAINING CLAIMS FOR RELIEF |

Plaintiff Securities and Exchange Commission has filed its Complaint in this action. Defendants Jesse Dean Bogdonoff and Wellness Technologies, Inc. (collectively, "Defendants"), who were represented by counsel, have submitted a Consent of Jesse Dean Bogdonoff and Wellness Technologies, Inc. to Entry of Final Judgment for Permanent Injunction and Dismissal of Claims for Relief ("Consent"), which was filed simultaneously with this ~~[Proposed]~~ Final Judgment for Permanent Injunction Against Jesse Dean Bogdonoff and Wellness Technologies, Inc. and Dismissal of Remaining Claims for Relief ("Final Judgment") and incorporated herein by reference. In the Consent, Defendants waived service of the Summons and the Complaint, admitted the jurisdiction of this Court over them and over the subject matter of this action, admitted that they were fully advised

Case 3:03-cv-04384 Document 37 Filed 03/17/2005 Page 2 of 4

and informed of the right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure, consented to the entry of this Final Judgment, without admitting or denying any of the allegations in the Complaint except as set forth in the Consent, and waived notice of hearing upon entry of this Final Judgment. The Court, being fully advised in the premises, orders as follows.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Bogdonoff and Wellness and their agents, servants, employees, attorneys in fact, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Bogdonoff and Wellness and their agents, servants, employees, attorneys in fact, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2) thereunder by, while acting as an investment adviser:

(a) with scienter, employing devices, schemes, or artifices to defraud clients or prospective clients; or

(b) engaging in transactions, practices or courses of business which operate as a fraud or deceit upon clients or prospective clients.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Commission's remaining claims in its Complaint for disgorgement plus prejudgment interest and civil monetary penalties pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. §80b-9(e)] are dismissed. However, this dismissal is condition upon the accuracy and completeness of that certain sworn Statement of Financial Condition dated October 24, 2004 that Bogdonoff has provided to the Commission. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Bogdonoff's representations to the Commission in his Statement of Financial Condition concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, petition the Court to renew its claims for disgorgement plus prejudgment interest and civil penalties against both Bogdonoff and Wellness. In connection with any such petition, the only issue shall be whether the financial information provided by Bogdonoff was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendants to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendants may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; or (2) contest the allegations in the Complaint filed by the Commission. In addition, the statute of limitations for any such Commission action shall be tolled from the date of entry of the Final Judgment until such time as the Commission discovers the new facts or information that give rise to the petition.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Final Judgment of Permanent Injunction and Other Relief Against Jesse Dean Bogdonoff and Wellness Technologies, Inc. entered by the Court on August 6, 2004 is hereby vacated.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Final Judgment may be served upon Bogdonoff and Wellness in person or by mail either by the Clerk of the Court, or any member of the staff of the Commission.

Dated: April 18, 2005




United [illegible] dge